United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY RAY WRIGHT,

Defendant.

Case No.: CR-13-00022-JSW (KAW)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Anthony Ray Wright is charged in an indictment with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 924(d) (forfeiture of firearm). On January 10, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On January 15, 2013, the court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Public Defender Joyce Leavitt. Assistant United States Attorney James Mann appeared on behalf of the Government. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment charges that on or about December 4, 2012, Defendant possessed a .45 caliber semiautomatic Sturm, Ruger P90, a firearm, despite being a convicted felon.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The offense charged in this case is felon in possession of a firearm. While this instance does not give rise to a rebuttable presumption of detention, at the time of his arrest, Defendant had a loaded firearm was in the center console of his vehicle, and he had marijuana, ecstasy, and

cocaine in his possession. Also at the time of his arrest, Defendant was driving with expired tags and without a valid driver's license. During his arrest, Defendant admitted to consuming three ecstasy pills when officers attempted to pull his over.

As to the weight of the evidence, while this is the least important factor, the Government recorded a call Defendant made in jail wherein he admitted that he possessed a gun, and he stated that "it was cool" because it didn't have a 30-round magazine attached. After his arrest, law enforcement found photographs on his cell phone depicting 30-round magazines on handguns.

**B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 34 years old and was residing with his wife in Sacramento, California. He has been unemployed for the past six to seven months, and has a limited employment history.

Defendant's criminal record dates back to 1994, when he was arrested as a juvenile for possession of cocaine base for sale. His convictions as an adult range from possession of cocaine base for sale and assault with a firearm. In addition, Defendant has a lengthy arrest record, and has had his probation or parole revoked or modified six times. In 2001, Defendant was convicted of assault with a firearm. Due to a failure to appear, his probation was revoked and he was sentenced to seven years prison. He was paroled in November 2007. In December 2008, Defendant's parole was revoked for carrying a concealed weapon in a vehicle with a prior felony conviction. Defendant has a history of failing to appear in criminal cases, as well as in regards to a traffic violation. Defendant's repeated violation of the terms of his release, both through numerous arrests and failures to appear, has led to several revocations of parole and probation, as well as a bail forfeiture in connection with a felony case in 1997. His continued involvement with criminal activity after his release from prison and the fact that he has sustained six parole revocations and/or modifications suggests that he may not be amenable to supervision. Although he has not sustained a parole violation or new conviction in the last four years, he has arrests in 2009, 20010, and 2012 related to drugs and guns, and Defendant is now being charged with the instant offense.

///

**C. Risk of Nonappearance**

Factors that indicate Defendant poses a risk of nonappearance include his unemployment status, his prior FTAs, his possible mental health issues,[1] and his current drug use. Defendant previously attempted to escape from a correctional facility 15 years ago. In addition, Defendant is facing a significant prison term if convicted: 7 years at the low end, and 20 years if the Government decides to charge the drug trafficking prior. Given Defendant's tendency to fail to appear on several occasions for felony matters, the fact that he is facing a significant term of incarceration makes it less likely that he will appear in this matter.

Defendant proposed four sureties, including Anthony Wright (father), Gladis Proctor (mother), Lakeshia Wright (wife), and Jajola Wright (cousin). Pretrial interviewed all proposed sureties with the exemption of Jajola Wright, who could not be reached. Defendant declined to offer Lakeshia Wright as a surety due to her criminal history. Defendant's parents were considered to be somewhat viable despite having past criminal histories of their own.

The Court notes that Defendant has used one alternate date of birth. Defendant also has one outstanding Failure to Appear and six outstanding Failures to Pay Fines for traffic-related offenses. His driver's license is suspended or revoked and he is not eligible to regain driving privileges until he clears the above with the court.

### III. CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of

---

[1] Defense counsel proffered that Defendant has no formal mental health issues or diagnoses, but went to counseling on his own.

DETENTION ORDER
CR-13-00022-JSW (KAW)                4

the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 16, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-13-00022-JSW (KAW)                           5